IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGIA GREEN, #302112                *
         Plaintiff
   v.                                    *     CIVIL ACTION NO. AMD-07-3376

UNITED STATES DISTRICT COURT     *
HONORABLE PETER J. MESSITTE
CLERK OF U.S. DISTRICT COURT      *
         Defendants
                                       ***

MEMORANDUM

Plaintiff, a Department of Public Safety and Correctional Services inmate, filed this action *pro se*, complaining of the fairness of prior decisions rendered by a judge of this court. Although not a model of clarity, the complaint appears to request that the Honorable Peter J. Messitte be recused from plaintiff's cases due to "perjury" and "fraud." The case has been construed as a civil rights action within the court's jurisdiction under 28 U.S.C. § 1343. While plaintiff has not filed the appropriate filing fee or indigency application, he shall not be required to correct this omission.[1]

Insofar as plaintiff seeks to reverse prior decisions of this court, the appropriate route is through the circuit, not district, court. Furthermore, federal judges possess absolute judicial immunity from liability for monetary damages and for injunctive relief for their judicial duties conducted within their jurisdiction. *See Tinsley v. Widener*, 150 F.Supp.2d 7, 11 (D. D.C. 2001); *Mehdipour v. Purcell*, 175 F.Supp.2d 1165, 1166 (W.D. Okla. 2001); *Glendora v. City of White Plains*, 53 F.Supp.2d 621, 624 (S.D. N.Y. 1999); *see also Bolin v. Story*, 225 F.3d 1234, 1240-1242 (11th Cir. 2000) (doctrine of absolute judicial immunity serves to protect federal judges from

---

[1] The court observes that plaintiff has filed three prior prisoner cases that have been subject to dismissal under 28 U.S.C. § 1915(e). *See Green v. Warden, et al.*, Civil Action No. PJM-02-1742 (D. Md.); *Green v. Holmes*, Civil Action No. PJM-05-534 (D. Md.); and *Green v. Smith*, Civil Action No. PJM-07-523 (D. Md.). It therefore appears he is barred from filing prisoner civil rights actions without pre-payment of the filing fee unless exceptional circumstances are demonstrated. *See* 28 U.S.C. § 1915(g).

injunctive relief as well as money damages). Court clerks enjoy derivative (absolute) immunity when they are acting in obedience to judicial order or under a court's direction. *See McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972). The actions attacked here comprise judicial process conduct protected under the immunity doctrine.[2]

Accordingly, the complaint shall be dismissed. An Order follows.

Date: December 21, 2007           /s/
                                  Andre M. Davis
                                  United States District Judge

---

[2] Plaintiff accuses Judge Messitte of bias and prejudice based upon prior rulings and seeks his recusal. The recusal of a federal judge may be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. *See* 28 U.S.C. § 144. The submission of an affidavit to the court pursuant to this section will not, however, lead to automatic recusal. To be legally sufficient under § 144, an affidavit must show "the objectionable inclination or disposition of the judge" and it must give "'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States*, 255 U.S. 22, 33-35 (1921).

Subsection 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This subsection "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003).

To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The movant must "establish or identify any personal connection, relationship or extrajudicial incident which accounts for the alleged personal animus of the trial judge." *United States v. International Business Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1980). The source of the bias must be shown to be "outside the record or a related proceeding or [related to the judge's] experience on the bench" to demonstrate a sufficient basis for disqualification. *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (emphasis added); *see also United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984). The mere fact that a judge has entered adverse rulings on motions or presided over other parallel proceedings is not enough in and of itself to warrant recusal. *See United States v. Parker*, 742 F.2d 127, 129 (4th Cir. 1984).

Plaintiff's request does not remotely demonstrate a need for recusal. His claims do not make out a case of bias or show objectionable inclination or disposition that would make fair judgment impossible. *See Shaw*, 733 F.2d at 308-09; *see also Liteky v. United States*, 510 U.S. 540, 554-55 (1994).